# SKOLER, ABBOTT & PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

Amy B. Royal*
ARoyal@skoler-abbott.com

*also admitted in Connecticut

February 4, 2005

**VIA ELECTRONIC FILING ONLY**

Civil Clerk's Office
United States District Court
Federal Building & Courthouse
1550 Main Street
Springfield, MA 01103

> Re: John Borges v.
> Tubed Products, Incorporated and
> McCormick & Company, Incorporated
> <u>Civil Action No. 04-30132-KPN</u>

Dear Sir or Madam:

The above-referenced matter has not settled. Although the parties had agreed to mediate the matter, the date for mediation has not been scheduled. At the time the parties agreed to mediate the case, on January 4, 2005, I indicated to Plaintiff's counsel that the Defendants preferred to use court mediation. Plaintiff's counsel told me that he preferred to use a private mediator. That day, I faxed a letter to Plaintiff's counsel indicating that a private mediator would be fine and asking that Plaintiff provide a list of acceptable mediators by that week. When I did not hear back from Plaintiff that week, my assistant left a message for Plaintiff's counsel inquiring as to when we would receive the list of mediators.

Then, on January 10, 2005, Plaintiff's attorney called and left a voice mail message stating that Plaintiff wanted to use court mediation. My assistant called Plaintiff's attorney to ask that Plaintiff arrange for mediation with the court. On January 21, 2005, Plaintiff's attorney called me stating that the court had indicated that before we could proceed with court mediation, we needed to consent to trial by magistrate. I told Plaintiff's attorney that I generally consent to trial by magistrate, could not specifically remember whether I had done so in this case but believed that I had, and told him that if I had not, he could represent to the court that we both consent.

**Skoler, Abbott & Presser, P.C.**
ATTORNEYS AT LAW

United States District Court        -2-        February 4, 2005

       On February 2, 2005, I faxed a letter to Plaintiff's attorney stating that with the Case Management Conference scheduled for next week, I wanted to touch base with him regarding whether he had arranged for mediation of this matter. I asked that he let me know the status of the mediation before the Conference next week.

       This morning, Plaintiff's attorney called me in response to Defendants' February 2 letter. He indicated that he assumed after filing Plaintiff's consent to trial by magistrate, the matter would be scheduled for mediation. He further indicated that he must have misunderstood what the clerk's office had said, but that he would follow-up with the court on scheduling the matter for court mediation.

       I assume that the Case Management Conference will go forward on Monday as scheduled unless I hear otherwise from the Court. Thank you for your attention to this matter.

                                           Sincerely,

                                           Amy B. Royal

ABR:mlt
cc: Tubed Products, Incorporated
      McCormick & Company, Incorporated
      Maurice M. Cahillane, Esq.